UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JENNIFER MARIE MORT,                :

     Petitioner                             :
                                    CIVIL ACTION NO. 3:22-1206
    v.                                        :
                                       (Judge Mannion)
WARDEN WILLIAM BECHTOLD,    :

     Respondent                           :

**MEMORANDUM**

**I.    Background**

Petitioner, Jennifer Marie Mort, an inmate confined in the Franklin County Jail, Chambersburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The filing fee has been paid. (Doc. 4). Petitioner challenges a misconduct she received on July 1, 2022. Id. Specifically, she claims that on July 1, 2022, she was charged with violating Pre-Release Rule 17, which states the following:

> You will not drink alcoholic beverages, nor will you own, sell, possess, use, distribute, or have under your control any narcotic drugs, derivatives, or any controlled substance in any form without a valid written prescription which has been approved by the jail's medical staff. You will not cause to be brought into the jail any beverage containing alcohol, narcotic, drug, other controlled substance, look-alike drug or drug paraphernalia. Use

1

>of any alcohol or non-prescribed drug is prohibited. All medication must be prescribed and approved by the jail's medical staff, and must be taken when issued, or at the required time. Medication may not be saved for later use. Use of any controlled substance will result in you being removed from the Pre-Release Program for the rest of your incarceration.

(Doc. 1-1 at 4). She was sentenced to "60 days on disciplinary segregation." (Doc. 1).

Petitioner claims that she is not guilty and that "Kratom herbal tea is not a scheduled narcotic, controlled substance or 'medication,' nor is it derived from cocaine, THC, opium/poppy, amphetamines, etc." Id. Thus, she seeks release from incarceration. Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

2

the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Petitioner, however, fails to make a cognizable due process claim as the disciplinary sanction she received does not implicate any liberty interest that is protected by the Due Process Clause. See Leamer v. Fauver,

3

288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In the instant action, Petitioner does not allege she lost any good-time credits. Rather, Petitioner's disciplinary infraction resulted in sixty days of disciplinary segregation. Such sanction does not result in any atypical or significant hardships to Petitioner and, therefore, does not implicate protected liberty interests. <u>See</u>, <u>e.g.</u>, Robinson v. Norwood, 535 F. App'x 81, 83 (3d Cir. 2013) (placement in administrative segregation for days or months at a time does not implicate a protected liberty interest); Levi v. Holt, 192 F. App'x 158, 160 (3d Cir. 2006) (loss of various privileges does not invoke due process protections); Jones v. Thomas, No. 3:13-cv-3105, 2014 WL 3113420, at *4 (M.D. Pa. July 7, 2014) (concluding that temporary placement in disciplinary segregation and temporary loss of commissary and

telephone privileges do not implicate protected liberty interests). Accordingly, because the outcome of Petitioner's disciplinary proceeding did not have any impact on the fact or length of her sentence or confinement, Petitioner cannot maintain his due process challenge under §2241. See Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172, 175 (3d Cir. 2007); see also Leamer, 288 F.3d at 540-42.

Thus, the petition for writ of habeas corpus will be dismissed without prejudice to any right Petitioner may have to reassert her present claims in a properly filed civil rights complaint.[1] See Wool v. York Cnty. Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlitt v. Holland, Civil No. 961075, slip op. at 9 (M.D. Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

---

[1] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.

### III. <u>Conclusion</u>

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**DATE: September 28, 2022**
22-1206-01